WESTON & McELVAIN LLP
Richard C. Weston (State Bar No. 126491)
Leo L. Ashley III (State Bar No. 197890)
1960 East Grand Avenue, Suite 400
El Segundo, California 90245
Telephone:  (213) 596-8000
Facsimile:   (213) 596-8039
E-mail:       rweston@wmattorneys.com
                   lashley@wmattorneys.com

Attorneys for Plaintiff **AmGUARD INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AmGUARD INSURANCE COMPANY, a Pennsylvania corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WANG HANE GROUP INC., dba MONTE CARLO INN, a California corporation; MAY HSIAO MEI WANG. a California citizen; SARAH FREDERICK, a California Citizen.<br><br>　　　　Defendants. | CASE NO. 2:21-cv-06337<br><br>**AmGUARD INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff AmGUARD Insurance Company ("Plaintiff" or "AmGUARD"), for its Complaint, alleges and avers as follows:

## JURISDICTION

1.　　This Court has original jurisdiction under 28 U.S.C. §1332 in that the above-captioned matter is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of costs and interest, as Plaintiff seeks reimbursement of attorneys' fees and litigation expenses in excess of $179,000. Further, claims for damages totaling in excess of $75,000 are alleged against Defendants Wang Hane Group Inc. dba Monte Carlo Inn ("WHGI") and May Hsiao

Mei Wang ("Wang") in the pending California state court class action filed by Sarah Frederick ("Frederick") known as <u>Sarah Frederick v. Monte Carlo Inn et al.</u>, Los Angeles County Superior Court Case No. 19STCV08500 ("Frederick Action").

2. Pursuant to California Code of Civil Procedure §1060 and 28 U.S.C. §2201, AmGUARD seeks a judicial determination that no potential for coverage exists for the claims asserted and any judgment awarded in the Frederick Action under commercial insurance policies issued by AmGUARD to WHGI and/or Wang.

## THE PARTIES

3. Plaintiff AmGUARD Insurance Company is, and at all relevant times was, an insurance company organized under the laws of the State of Pennsylvania having its principal place of business in Wilkes-Barre, Pennsylvania.

4. Defendant Wang Hane Group Inc. dba Monte Carlo Inn is and at all relevant times was, a corporation organized under the laws of the State of California, having its principal place of business in Azusa, California.

5. Defendant May Hsiao Mei Wang is and at all relevant times was, a citizen of California, residing in Los Angeles County, California.

6. Defendant Sarah Frederick is and at all relevant times was, a citizen of California, residing in Los Angeles and/or San Bernardino County, California.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the defendants are subject to personal jurisdiction in this district at the time that the action commenced, the underlying Frederick Action is pending in this district, and there is no district in which this action may otherwise be brought.

## THE POLICIES

8. AmGUARD issued the following businessowners' insurance policies to WHGI, Wang and/or Chih Wu Wang: (i) policy number WABP899898 effective March 7, 2017 to March 8, 2018; (ii) policy number WABP985968 effective March 7,

2018 to March 7, 2019; and (iii) policy number WABP082302 effective March 7, 2019 to March 7, 2020 (collectively "Policies").

9. The Policies describe the insureds' business operations as "Hotels (Except Casino Hotels) and Motels" and include the following coverage grant:

> **1. Business Liability**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result . . .
>
> . . .
>
> **b.** This insurance applies:
>
> **(1)** To "bodily injury" or "property damage" only if:
>
> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> . . .
>
> **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

10. The Policies define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions", while "Personal and Advertising Injury" is defined in the Policies to include injury arising out of specified offenses including the "[T]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor…"

11. The Policies exclude coverage for "'Bodily injury' or 'property damage' (including any unexpected or unintended portion thereof) if any 'bodily injury' or

'property damage' was expected or intended from the standpoint of any insured." The Policies also exclude coverage for "Personal and Advertising Injury" "[C]aused by or at the direction of or with the consent or acquiescence of any insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'…"

## THE UNDERLYING FREDERICK ACTION

12. The Class Action Complaint in the Frederick Action was filed in Los Angeles County Superior Court on March 13, 2019. Frederick's Complaint alleges WHGI and Wang operate a residential hotel in Azusa, California known as the Monte Carlo Inn, and their "uniform and consistent policy and practice at the Monte Carlo Inn was to require tenants to move out of the premises or check out and reregister, before 30 consecutive days of occupancy." Frederick further alleges in the Complaint that "[T]his tactic employed by Defendants—of requiring an occupant of the Monte Carlo Inn to move, or to check out and reregister, before the expiration of 30 days occupancy—is commonly referred to as the '28-Day Shuffle...'"

13. According to Frederick's Complaint, "Defendants' purpose for requiring tenants to move, or check out and reregister, before 30 consecutive days of occupancy was to have the tenants maintain a 'transient occupancy status' pursuant to paragraph 1 of subdivision (b) of California Civil Code section 1940…" such that the occupants would be "exempted from the consumer protections and tenant rights that are afforded to any person who occupies a dwelling unit for more than 30 days." The underlying Complaint goes on to allege "by prohibiting guests such as Plaintiff and other Class members from occupying a unit at the Monte Carlo Inn for more than 30 consecutive days, Defendants intended to deprive them of protections and rights they would have been afforded had they not been unlawfully forced to vacate the hotel."

14. Frederick's Complaint alleges multiple causes of action based on the 28-Day Shuffle allegedly employed by WGHI and Wang including the following claims: (i) violation of California Civil Code section 1940.1 which states "[N]o person may

require an occupant of a residential hotel…to move, or to check out and reregister, before the expiration of 30 days occupancy if a purpose is to have that occupant maintain transient occupancy status…"; (ii) violation of California Civil Code section 52.1 which precludes persons from interfering with or attempting to interfere with rights secured by California state law by threat, intimidation or coercion; (iii) negligence; and (iv) violation of California's Unfair Competition Law (Cal. Business & Professions Code §17200 et seq.) ("UCL").

15. The Frederick Action was tendered to AmGUARD for coverage on behalf of WHGI and Wang. AmGUARD agreed in or about May 2019 to provide WHGI and Wang with a defense to the claims alleged in the Frederick Action subject to a full reservation of rights, including the right to disclaim coverage or otherwise amend AmGUARD'S coverage evaluation.

16. On March 11, 2021, the court in the Frederick Action issued an order granting Frederick's motion for class certification in which it was determined, among other things, that the claims for negligence and violation of the UCL are derivative of and predicated on the same conduct that allegedly violates Civil Code sections 1940.1 and 52.1, and as a result, "[P]laintiff is barred from later expanding her theories of liability under the Third and Fourth Causes of Action to premise relief on any alleged activity beyond that which also allegedly violates Civil Code sections 1940.1 and 52.1 ("Order").

## FIRST CLAIM FOR
## DECLARATORY RELIEF RE DUTY TO DEFEND AND INDEMNIFY

17. AmGUARD realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. AmGUARD contends there is no potential for coverage triggering a duty to defend WHGI and Wang with respect to the Complaint in the Frederick Action following issuance of the Order on March 11, 2021 for the following reasons, without

limitation to other grounds available under the Policies and applicable law: (i) all causes of action pled against WHGI and Wang in the Frederick Action allege they acted intentionally to deprive Frederick and others of rights and protections afforded to persons who occupy a residential hotel for more than 30 consecutive days as a result of the Order determining Frederick's causes of action for negligence and violation of the UCL are based exclusively on conduct that allegedly violates Civil Code sections 1940.1 and 52.1; (ii) intentionally harmful conduct is required for liability to attach under both Civil Code sections 1940.1 and 52.1; (iii) the alleged implementation of the 28-Day Shuffle by WHGI and Wang does not constitute an "occurrence" within the meaning of the Policies, and neither does conduct required to prove liability under Civil Code sections 1940.1 and 52.1; (iv) plaintiff(s) in the Frederick Action did not suffer "bodily injury" or "property damage" as defined in the Policies; and (v) the Policies exclude coverage for the precise type of loss alleged in the Frederick Action, namely loss of use of tangible property (e.g. "property damage") that "was expected or intended from the standpoint of the insured" and injury arising out of the "wrongful eviction from…a room, dwelling or premises…" (e.g., "Personal and Advertising Injury") "[C]aused by or at the direction of…any insured with knowledge that the act would violate the rights of another…"  Because there is no duty to defend the claims for relief alleged in the Frederick Action, AmGUARD has no duty under the Policies to pay for any judgment awarded against WHGI and/or Wang or otherwise indemnify them in relation to Frederick's alleged claims for relief.

19. An actual controversy exists between AmGUARD, on the one hand, and defendants, on the other, as AmGUARD contends it has no duty to defend or indemnify WHGI and Wang in relation to the claims alleged in the Frederick Action. AmGUARD is informed and believes, and on that basis alleges, defendants contend to the contrary.  AmGUARD seeks a judicial determination that it has no duty under the Policies to defend WHGI and Wang with respect to the Frederick Action.

AmGUARD also seeks a judicial determination that it has no duty under the Policies to pay for any judgment awarded against WHGI and Wang in the Frederick Action or otherwise indemnify them in relation to claims alleged in that suit.

20. AmGUARD is currently defending WHGI and Wang with respect to the Class Action Complaint in the Frederick Action. AmGUARD also seeks a declaration that it can immediately withdraw from the defense of WHGI and Wang.

21. A judicial declaration is necessary and appropriate at this time, under the circumstances, in order that the parties may ascertain their rights and duties under the Policies.

## SECOND CLAIM FOR EQUITABLE REIMBURSEMENT
### (AGAINST WHGI AND WANG)

22. AmGUARD realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. AmGUARD contends it has no obligation to defend WHGI or Wang with respect to the claims alleged in the Frederick Action at least as of March 11, 2021, the date the Order determining Frederick's causes of action for negligence and violation of UCL are based exclusively on conduct that allegedly violates Civil Code sections 1940.1 and 52.1. AmGUARD is providing a defense under a full reservation of rights including, the right to later disclaim coverage.

24. AmGUARD has incurred and continues to incur attorneys' fees and litigation costs in providing a defense to WHGI and Wang in relation to the Frederick Action. To date, AmGUARD has incurred in excess of $179,000 in defense fees and costs on behalf of WHGI and Wang after the Order was issued on March 11, 2021.

25. Because AmGUARD has no obligation to defend WHGI and Wang, AmGUARD is entitled to reimbursement from WHGI and/or Wang for all sums paid by AmGUARD under its Policies toward the defense claims alleged in the Frederick Action after March 11, 2021.

26. AmGUARD is entitled to reimbursement from WHGI and/or Wang in an amount to be proven at trial.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays for judgment against defendants named herein as follows:

1. For a declaration that AmGUARD has no duty under the Policies to provide a defense to WHGI and Wang with respect to the claims alleged in the Frederick Action and AmGUARD can immediately withdraw from the defense;

2. For a declaration that AmGUARD has no duty under the Policies to indemnify WHGI and Wang in relation to the causes of action alleged in the Frederick Action;

3. For an order requiring WHGI and/or Wang to reimburse AmGUARD for all sums expended by AmGUARD to defend or indemnify WHGI and/or Wang in relation to the Frederick Action after March 11, 2021;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: August 5, 2021

Respectfully submitted,
WESTON & McELVAIN LLP

By: s/ Leo L. Ashley III
Richard C. Weston
Leo L. Ashley III
Attorneys for Plaintiff
**AmGUARD INSURANCE COMPANY**

# DEMAND FOR JURY TRIAL

Plaintiff AmGUARD Insurance Company hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  August 5, 2021

Respectfully submitted,
WESTON & McELVAIN LLP

By:  s/ Leo L. Ashley III
Richard C. Weston
Leo L. Ashley III
Attorneys for Plaintiff
**AmGUARD INSURANCE COMPANY**